IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JORGE CORNEJO,<br><br>Defendant. | Case No. 17-cr-00296-CRB<br><br>**ORDER RULING ON MOTIONS IN LIMINE AND CLARIFYING [49] MINUTE ENTRY** |

The Court held a pretrial hearing on October 2, 2017, at which it ruled on various motions in limine filed by the government and by Cornejo. This order clarifies the Court's rulings.

1. The Government's motion to allow certain statements by Cornejo (dkt . 34 at 3–4) is **GRANTED** insofar as the Government seeks to use these statements to establish intent pursuant to Federal Rule of Evidence 404(b)(2).

2. A ruling on the Government's motion to allow evidence of threats and harassing statements Cornejo allegedly made to his ex-wife (dkt. 34) to rebut pertinent statements about Cornejo's character pursuant to Federal Rule of Evidence 404(a)(1) is **DEFERRED**. The Court will rule on this motion if and when it becomes relevant.

3. The Government's motion to allow evidence of Cornejo's 2007 conviction (dkt. 35) is **GRANTED** subject to Federal Rule of Evidence 609(a)(1)(B).

4. A ruling on the Government's motion to allow evidence of Cornejo's 1994 conviction (dkt. 35) is **DEFERRED**. The Court will rule on this motion if and when it becomes relevant.

5. A ruling on the Government's motion to limit the scope of expert testimony

regarding methamphetamine use (dkt. 35) is **DEFERRED**.[1] The Court will rule on this motion if and when it becomes relevant.

6. The motions (dkts. 29, 35) to exclude evidence that is subject to the disclosure requirements of Federal Rules of Evidence 16(a) and 16(b) but that was not disclosed by the Court-imposed discovery deadline of September 18, 2017, is **GRANTED**.

7. The Government's motion to order Cornejo to produce summaries of planned witness testimony prior to trial (dkt. 35) is **DENIED**.

8. The Government's motion to exclude statements regarding the penal consequences of conviction (dkt. 35) is **GRANTED**. The Court accepts the Government's representation that it will not put the penal consequences of conviction in issue.

9. Cornejo's motion to exclude evidence under Federal Rules of Evidence 404(B) and 609 due to insufficient notice (dkt. 22) is **DENIED**.

10. Cornejo's motion to exclude government witnesses from the courtroom when they are not testifying (dkt. 30) is **GRANTED**, except that the Government's case agent(s) may remain for the duration of the trial, and the Government's rebuttal expert witness may remain in the courtroom to observe the defendant's expert testimony.

11. The Government's request to exclude Cornejo's witnesses from the courtroom pursuant to Federal Rule of Evidence 615 (dkt. 48) is **GRANTED**.

12. Cornejo's motion for the Court to admonish witnesses not to read trial transcripts or discuss the case with anyone except their counsel for the duration of the trial (dkt. 30) is **GRANTED.**

13. Cornejo's motion to require the Government to designate only one case agent (dkt. 30) is **DENIED**.

14. A ruling on Cornejo's motion to exclude evidence regarding the emotional impact of Cornejo's alleged threats on those who heard or heard of them is **DEFERRED**.

---

[1] The Court notes that the Government has not waived the right to object to a jury instruction on the voluntary intoxication defense on the ground that such an instruction lacks foundation. See dkt. 35.

The Court will rule on this motion if and when it becomes relevant.

**IT IS SO ORDERED.**

Dated: Oct. 2, 2017



CHARLES R. BREYER
United States District Judge